UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Frank McKenzie, Jr., ) | Civil Action No.: 2:09-cv-01172-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Anthony Padula, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, a state prisoner proceeding *pro se* and *in forma pauperis*, brought this habeas corpus petition pursuant to 28 U.S.C. § 2254. Petitioner is currently an inmate at Lee Correctional Institution in Bishopville, South Carolina.

On August 21, 2009, Respondent filed a return and a motion for summary judgment. Because Petitioner is proceeding *pro se*, this court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on August 26, 2009, advising Petitioner of the motion for summary judgment procedure and possible consequences if he failed to respond adequately. Petitioner timely responded to the motion for summary judgment.

This case is now before the court with the [Docket Entry 22] Report and Recommendation of United States Magistrate Judge Robert S. Carr[1] filed on October 6, 2009. In his Report, the Magistrate Judge recommended that Respondent's [Docket Entry 16] Motion for Summary Judgment should be granted and this petition dismissed. Petitioner timely filed objections to the Report.

---

[1] This matter was automatically referred to Magistrate Judge Carr pursuant to 28 U.S.C. § 636(b) and Local Civil Rules 73.02(B)(2)(c) and (e) (D.S.C.).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the untimely filing of objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## Background

Petitioner was indicted on the charge of armed robbery by the Richland County grand jury on April 23, 2003. On December 16, 2003, Petitioner pled guilty to this charge in addition to the following unindicted charges from Lexington County: first degree burglary, two counts of armed robbery, five counts of kidnapping, assault and battery with intent to kill, and one conspiracy to commit armed robbery. During the plea proceeding held in Richland County, Petitioner expressly waived grand jury presentment on the Lexington County charges. In addition, he waived his right to have these charges disposed of in the county in which the

charges arose. In that proceeding, Hans Pauling, Esquire, represented Petitioner. After entering his plea, the trial judge sentenced Petitioner to thirty (30) years imprisonment for the Richland County charge.[2] Petitioner did not appeal his conviction or sentence.

Petitioner filed a *pro se* application for post-conviction relief ("PCR") on July 29, 2004, challenging both the Richland County conviction and the Lexington County convictions. In the application, Petitioner alleged the following grounds: (1) Ineffective Assistance of Counsel; (2) Involuntary guilty plea due to ineffective assistance of counsel; and (3) Defective warrant/affidavit.

With the help of his PCR attorney, Tara Dawn Shurling, Petitioner subsequently amended his PCR application to raise the following grounds:

> 1. Counsel was ineffective for failing to timely apprise Petitioner of the Lexington County charges he was presented with minutes before his hearing;
>
> 2. Counsel was ineffective for failing to thoroughly review Petitioner's Lexington County charges and for failing to make a motion to quash those indictments when even the State admitted that the victims had stated that they had never seen Petitioner and that Petitioner had never been at the scene of the robbery.
>
> 3. Counsel was ineffective for coercing Petitioner into pleading to all charges when neither counsel nor Petitioner had a meaningful opportunity to review the Lexington indictments and the foundation for the charges that they stemmed from.
>
> 4. Counsel was ineffective for allowing Petitioner to plead to all charges to receive a concurrent sentence in Richland County on charges from both counties when the Lexington County indictments were never put on file in Richland County.

---

[2] Petitioner also received sentences for the Lexington County charges, all of which but one were to run concurrent with the thirty (30) year sentence for the Richland County charge. A five (5) year sentence for the Lexington County conspiracy charge was to run consecutive. However, as the subsequent history will make clear, the PCR court granted Petitioner relief as to the Lexington County charges, leaving only the Richland County conviction and sentence remaining.

3

App. [Docket Entry 17, Attach. 1] at 50-51.

After an evidentiary hearing, the PCR court entered an order granting relief, finding that Petitioner's "pleas were not made voluntarily, knowingly, and intelligently inasmuch as they were the product of ineffective assistance of counsel in Richland County and *no counsel* in the case of the Lexington charges." App. [Docket Entry 17, Attach. 2] at 126.  The PCR court found that Petitioner was "entitled to have these judgments and sentences reversed and his cases remanded to their respective counties for a new trial." *Id.*

The State, as petitioner, timely filed a notice of appeal from the grant of PCR that raised the following two questions:

> I.  Did the PCR Court err in finding that trial counsel was ineffective in his representation of Respondent on his Richland County charges?
>
> II.  Did the PCR Court err in finding that Respondent's guilty plea was involuntary based on his not having a Lexington County court appointed attorney?

On April 16, 2008, the South Carolina Supreme Court granted certiorari on the question involving the Richland County charge but denied ceritorari, thereby affirming the PCR court, on the question involving the Lexington County charges.  On February 23, 2009, the South Carolina Supreme Court reversed the PCR court's judgment regarding the Richland County charge in an unpublished opinion.  The court stated that it found "no evidence in the record to support the PCR court's findings that respondent's plea counsel was ineffective." App. [Docket Entry 17, Attach. 9].

In this *pro se* habeas petition pursuant to 28 U.S.C. § 2254, Petitioner raises the following allegations:

> GROUND ONE: Whether the Supreme Court of South Carolina erred by separating the Richland County charge from the Lexington County charges; Although the plea court consolidated the cross county offenses, and counsel was later held to render an ineffective performance, that as a result, invalidated Petitioner's plea convictions for the Richland and Lexington County charges?
>
> SUPPORTING FACTS: Petitioner alleges, being the Richland County charge and the Lexington County charges were consolidated under one plea, the convictions were inextricably linked in-so-far-as, when his counsel failed to render effective assistance for the Lexington County charges, the error resulting within was "per-se prejudicial" on the Richland County charge.

Petition [Docket Entry 1] at 6(a).

## **Applicable Law**

Petitioner brought this action pursuant to 28 U.S.C. § 2254. Section 2254 states in pertinent part that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

Moreover, substantial deference is to be given to the State court's findings of fact. *Evans v. Smith*, 220 F.3d 306, 311-12 (4th Cir. 2000). Section 2254(e)(1) states that a "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28

U.S.C. § 2254(e)(1). Therefore, this court must be mindful of this deferential standard of review in considering Petitioner's claims.

## Discussion

Petitioner asserts that his guilty plea to the armed robbery in Richland County was involuntary because the Richland County charge and the Lexington County charges were consolidated and "inextricably linked" under one plea, so that "when his counsel failed to render effective assistance for the Lexington County charges, the error resulted within was 'per-se prejudicial' on the Richland County charge." However, as the Magistrate Judge correctly stated, after reviewing the record, the South Carolina Supreme Court's rejection of Petitioner's claim was not "contrary to" and did not involve an "unreasonable application of" clearly established United States Supreme Court precedent. 28 U.S.C. § 2254(d)(1).

First, Petitioner has failed to meet his burden[3] in proving that the South Carolina Supreme Court was incorrect in treating the Richland County charge and Lexington County charges separately. Petitioner fails to cite any legal precedent, case law or otherwise, in support of his contention that the South Carolina Supreme Court should not have treated the charges separately upon writ of certiorari. However, under this court's deferential standard of review as set forth in § 2254(d), the court can only grant Petitioner habeas relief if Petitioner shows that the state court's ruling was contrary to, or an unreasonable application of, established Federal law. Petitioner has failed to do so. Accordingly, the court finds that the South Carolina Supreme Court's decision to treat the charges separately—reversing the PCR court on the Richland

---

[3] *See Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (holding that a habeas applicant bears the burden of establishing his claim).

County charge and affirming the PCR court on the Lexington County charges—was not unreasonable.

Second, the court agrees with the Magistrate Judge that Petitioner's Richland County guilty plea was not involuntary due to ineffective assistance of counsel. The Magistrate Judge correctly analyzed Petitioner's claim pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984), and *Hill v. Lockhart*, 474 U.S. 52 (1985). As to the first *Strickland* prong, Petitioner has not shown constitutionally deficient performance by his trial counsel as to the Richland County charge. Trial counsel testified at the PCR hearing that he had received discovery pertaining to the Richland County charge, that the Richland County charge was on the fast track for trial, and that counsel arranged the consolidated pleas to avoid a sentence of life without parole. More importantly, when testifying at the PCR hearing about his trial counsel's representation, Petitioner stated that "I can't – I can't say he did – really did anything wrong . . . on the Richland County."[4] App. [Docket Entry 17, Attach. 2] at 90-92. As to the second *Strickland* prong, Petitioner alleges, but does not offer any evidence of how, counsel's alleged lack of preparation regarding the Lexington County charges prejudiced the handling of the Richland County charge. Accordingly, as the Magistrate Judge correctly noted, Petitioner fails to show that there was a reasonable probability that he would not have pled guilty to the Richland County charge and would have insisted on going to trial but for counsel's deficient performance. *Hill*, 474 U.S. 52. As a matter of fact, notwithstanding that Petitioner alleges he knew nothing of the Lexington

---

[4] In his objections, Petitioner alleges that the statement should be disregarded because "Petitioner stated that he couldn't say what counsel did wrong, [n]ot that counsel did not do anything wrong." Obj. [Docket Entry 24] at 6. This argument is without merit. Even if the court disregards the statement, Petitioner has still failed to show any deficient representation by trial counsel as to the Richland County charge.

7

County charges until right before his plea, Petitioner was in court that day to plead to the Richland County charge regardless. Mindful of this court's deferential standard of review, Petitioner has not shown and the court does not find that the state court's determination of Petitioner's claim was unreasonable.

In his objections, Petitioner fails to offer any evidence or arguments that overcome this court's deferential standard of review. Petitioner once again argues that the South Carolina Supreme Court was incorrect in treating the Richland County and Lexington County charges separately. However, he once again makes this argument without citing any legal precedent. Accordingly, he has failed to show that the state court's treatment of his claim was unreasonable or contrary to any established Federal law. Similarly, he argues that the charges were all inextricably linked and that ineffective assistance of counsel on the Lexington County charges was "per se prejudicial" on the Richland County charge. Obj. [Docket Entry 24] at 3. However, notwithstanding this conclusory allegation, Petitioner does not set forth any evidence to show how he was prejudiced by his trial counsel's handling of the Richland County claim. Although he speculates as to the amount of time to which the trial judge would have sentenced him solely on the Richland County charge,[5] he does not establish that but for counsel's deficient performance he would not have pleaded guilty to the Richland County charge and would have insisted upon going to trial as required by *Hill*.

---

[5] The court notes that the thirty (30) year sentence Petitioner received for his armed robbery charge in Richland County is within the range of acceptable sentences a State court can impose for such a crime. S.C. Code Ann. § 16-11-330(A).

**Conclusion**

The court has reviewed the Report, objections, motions, and applicable law. For the reasons stated above and by the Magistrate Judge, the court overrules all of Petitioner's objections and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. Respondent's Motion for Summary Judgment is **GRANTED** and this case is hereby **DISMISSED** *with prejudice*.

**IT IS SO ORDERED.**

                                                  s/ R. Bryan Harwell  
                                                  R. Bryan Harwell  
                                                  United States District Judge

December 7, 2009  
Florence, South Carolina